Christopher M. Chellis
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
OR Bar No. 176035
christopher.chellis@usdoj.gov
Tel: (202) 305-0245

Counsel for Federal Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Coalition for Sonoran Desert Protection; Center for Biological Diversity; Friends of Ironwood Forest; and Tucson Audubon Society, | No. 4:22-cv-193-JCH |
| Plaintiffs, | |
| v. | **ANSWER** |
| Federal Highway Administration; and Karla Petty, acting in her official capacity as Division Administrator, Federal Highway Administration, Arizona, | |
| Defendants, | |
| and | |
| Arizona Department of Transportation, | |
| Intervenor-Defendant. | |

The paragraph numbers in this Answer correspond to the paragraph numbers in the Complaint. The headings used in this Answer follow the major section headings used in the Complaint and are included solely for the purpose of organizational convenience in matching the answers provided herein with the allegations made in the Complaint. The headings are not part of Federal Defendants' Answer to the allegations. Federal Defendants do not waive any defense theory or agree to or admit that Plaintiffs' headings are accurate, appropriate, or substantiated. When a textual sentence is followed by a citation or citations, the textual sentence and its accompanying citation are referred to as one sentence.

## INTRODUCTION

1. Federal Defendants admit the allegations in paragraph 1.

2. Federal Defendants admit that the Record of Decision ("ROD") was issued on November 15, 2021. Federal Defendants aver that the ROD identified a corridor for future project-level study in Tier 2, including two options through Pima County. Federal Defendants deny the remaining allegations in paragraph 2, which consist of Plaintiffs' characterization of this action. Further, Federal Defendants deny identifying the project as the I-11 Corridor Project in the ROD.

3. Federal Defendants deny the allegations in paragraph 3, including the graphic included on page 3 of the Complaint, which consist of Plaintiffs' characterization of this action.

4. The allegations in paragraph 4 consist of Plaintiffs' characterization of this action and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in paragraph 4.

5.      The allegations in paragraph 5 consist of Plaintiffs' characterization of this action and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in paragraph 5.

6.      The allegations in paragraph 6 consist of Plaintiffs' characterization of this action and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in paragraph 6.

7.      The allegations in paragraph 7 consist of Plaintiffs' characterization of this action and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in paragraph 7.

8.      The allegations in paragraph 8 consist of Plaintiffs' characterization of this action, legal conclusions, and the relief sought, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in paragraph 8.

**JURISDICTION AND VENUE**

9.      The allegations contained in paragraph 9 consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants admit that this Court has jurisdiction to hear claims arising under the cited statutes.

10.     The allegations in paragraph 10 consist of legal conclusions, to which no response is required.

11.     The allegation in paragraph 11 consists of a legal conclusion, to which no response is required. To the extent a response is required, Federal Defendants admit that venue in this district is proper.

**PARTIES**

12. Federal Defendants lack knowledge or information sufficient to form belief as to the truth of the allegations in paragraph 12 and, on that basis, deny them.

13. Federal Defendants lack knowledge or information sufficient to form belief as to the truth of the allegations in paragraph 13 and, on that basis, deny them.

14. Federal Defendants lack knowledge or information sufficient to form belief as to the truth of the allegations in paragraph 14 and, on that basis, deny them.

15. Federal Defendants lack knowledge or information sufficient to form belief as to the truth of the allegations in paragraph 15 and, on that basis, deny them.

16. The allegations in paragraph 16 consist of Plaintiffs' characterization of this action, legal conclusions, and hypotheticals, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in paragraph 16.

17. Federal Defendants deny the allegation in paragraph 17.

18. Federal Defendants admit that the Federal Highway Administration is a federal agency of the Department of Transportation, that it is responsible for supporting state and local governments in the design, construction, and maintenance of the U.S. highway system, and that it must comply with the applicable requirements of NEPA, Section 4(f), and the APA. The term "Project" consists of Plaintiffs' vague characterization which does not distinguish between Tier 1 and Tier 2 levels.

19. Federal Defendants admit that Karla Petty is the Arizona Division Administrator for the Federal Highway Administration and that she signed the Record of Decision on November 15, 2021. The term "Project" consists of Plaintiffs' vague characterization of the action and does not distinguish between the different tiers and phases involved.

**STATUTORY BACKGROUND**

3

### A. National Environmental Policy Act

20. The allegations in paragraph 20 consist of Plaintiffs' characterization of NEPA, which speaks for itself and provides the best evidence of its content.

21. The allegations in paragraph 21 consist of Plaintiffs' characterization of NEPA, which speaks for itself and provides the best evidence of its content.

22. The allegations in paragraph 22 consist of Plaintiffs' characterization of NEPA, which speaks for itself and provides the best evidence of its content.

23. The allegations in paragraph 23 consist of Plaintiffs' characterization of 40 C.F.R. § 1500.1 and 23 C.F.R. § 771.101, which speak for themselves and provide the best evidence of their content.

24. The allegations in paragraph 24 consist of Plaintiffs' characterization of 40 C.F.R. §§ 1502.1 and 1502.13, which speak for themselves and provide the best evidence of their content.

25. The allegations in paragraph 25 consist of Plaintiffs' characterization of 42 U.S.C. § 4332(2)(E) and 40 C.F.R. §§ 1502.14(a)-(f), which speak for themselves and provide the best evidence of their content.

26. The allegations in paragraph 26 consist of Plaintiffs' characterization of 40 C.F.R. §§ 1508.7 and 1508.8, which speak for themselves and provide the best evidence of their content.

27. The allegations in paragraph 27 consist of Plaintiffs' characterization of NEPA, which speaks for itself and provides the best evidence of its content.

28. The allegations in paragraph 28 consist of Plaintiffs' characterization of NEPA, which speaks for itself and provides the best evidence of its content.

29. The allegations in paragraph 29 consist of Plaintiffs' characterization of 40 C.F.R. §§ 1502.9(b) and 1503.4(a), which speak for themselves and provide the best evidence of their content.

30. The allegations in paragraph 30 consist of Plaintiffs' characterization of 40 C.F.R. § 1502.22(b)(1), which speaks for itself and provides the best evidence of its content.

31. The allegations in paragraph 31 consist of Plaintiffs' characterization of 40 C.F.R. §§ 1502.9(c)(1)(ii) and 1502.9(c)(2), which speak for themselves and provide the best evidence of their content.

32. The allegations in paragraph 32 consist of Plaintiffs' characterization of NEPA, which speaks for itself and provides the best evidence of its content.

**B. Section 4(f) of the Department of Transportation Act**

33. The allegations in paragraph 33 consist of Plaintiffs' characterization of Section 4(f), which speaks for itself and provides the best evidence of its content.

34. The allegations in paragraph 34 consist of Plaintiffs' characterization of Section 4(f), which speaks for itself and provides the best evidence of its content.

35. The allegations in paragraph 35 consist of Plaintiffs' characterization of Section 4(f), which speaks for itself and provides the best evidence of its content.

36. The allegations in paragraph 36 consist of Plaintiffs' characterization of Section 4(f), which speaks for itself and provides the best evidence of its content.

**C. Fish & Wildlife Coordination Act of 1958 and the Tucson Mitigation Corridor Master Management Plan**

37. The allegations in paragraph 37 consist of Plaintiffs' characterization of the Fish & Wildlife Coordination Act ("FWCA"), which speaks for itself and provides the best evidence of its content.

38. The allegations in paragraph 37 consist of Plaintiffs' characterization of the FWCA, which speaks for itself and provides the best evidence of its content.

39. Federal Defendants admit the allegations in the first sentence of paragraph 39. Federal Defendants deny the remaining allegations.

40. Federal Defendants admit that the three named entities in paragraph 40 executed a Cooperative Agreement for the Tucson Mitigation Corridor ("TMC") in 1990 and that the Bureau of Reclamation ("BOR") owns the property. The remaining allegations in paragraph 40 consist of Plaintiffs' characterization of the agreement, which speaks for itself and provides the best evidence of its content.

41. The allegations in paragraph 41 consist of Plaintiffs' characterization of the agreement, which speaks for itself and provides the best evidence of its content.

42. The allegations in paragraph 42 consist of Plaintiffs' characterization of the Master Management Plan, which speaks for itself and provides the best evidence of its content.

**D. Administrative Procedure Act**

43. The allegation in paragraph 43 consists of Plaintiffs' characterization of the APA, which speaks for itself and provides the best evidence of its content.

44. The allegations in paragraph 44 consist of Plaintiffs' characterization of the APA, which speaks for itself and provides the best evidence of its content.

45. Federal Defendants deny the allegation in the first sentence of paragraph 45. Federal Defendants admit that Plaintiffs submitted comments during the Environmental Impact Statement ("EIS") process, but deny the remainder of the allegations.

## FACTUAL BACKGROUND

**A. The Sonoran Desert, Avra Valley, and Public Lands Threatened by the Project**

46. The allegations in paragraph 46 consist of Plaintiffs' characterization of this action and the affected environment, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations to the extent the allegations are inconsistent with the administrative record.

47. The allegations in paragraph 48 consist of Plaintiffs' characterization of this action and the affected environment, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations to the extent the allegations are inconsistent with the administrative record.

48. The allegations in paragraph 48 consist of Plaintiffs' characterization of this action and the affected environment, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations to the extent the allegations are inconsistent with the administrative record.

       *i.*     *Southern Section – West Option between Sahuarita and Marana*

49. The allegations in paragraph 49 consist of Plaintiffs' characterization of this action and the affected environment, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations to the extent the allegations are inconsistent with the administrative record.

50. Federal Defendants admit that the Department of Interior's National Park Service manages Saguaro National Park. The remaining allegations in paragraph 50 consist of Plaintiffs' characterization of this action and the affected environment, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations to the extent the allegations are inconsistent with the administrative record.

51.     Federal Defendants admit that the Ironwood Forest National Monument ("IFNM") was established by President Bill Clinton's Presidential Proclamation in June 2000 and that the IFNM is managed by the Department of Interior's National Park Service.  The remaining allegations in paragraph 51 consist of Plaintiffs' characterization of this action and the affected environment, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations to the extent the allegations are inconsistent with the administrative record.

52.     Federal Defendants admit that Pima County manages Tucson Mountain Park ("TMP"), that TMP is south of Saguaro National Park, and that Arizona-Sonora Desert Museum is within the TMP.  The remaining allegations in paragraph 52 consist of Plaintiffs' characterization of this action and the affected environment, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations to the extent the allegations are inconsistent with the administrative record.

53.     Federal Defendants admit that Tucson Mountain Historic District ("TMHD") was nominated, confirmed eligible, and added to the National Register on July 8, 2021.  The remaining allegations in paragraph 53 consist of Plaintiffs' characterization of this action and the affected environment, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations to the extent the allegations are inconsistent with the administrative record.

54.     Federal Defendants admit the allegations in the first sentence of paragraph 54.  The remaining allegations consist of Plaintiffs' characterization of this action and the affected environment, to which no response is required.  To the extent a response is required, Federal

Defendants deny the allegations to the extent the allegations are inconsistent with the administrative record.

55. Federal Defendants admit the allegations in the first and second sentences of paragraph 55. The remaining allegations in paragraph 55 consist of Plaintiffs' characterization of this action and the affected environment, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations to the extent the allegations are inconsistent with the administrative record.

56. Federal Defendants admit that Pima Pineapple Cactus exists in the "project" area. The remaining allegations in paragraph 56 consist of Plaintiffs' characterization of this action and the affected environment, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations to the extent the allegations are inconsistent with the administrative record.

57. The allegations in paragraph 57 consist of Plaintiffs' characterization of this action and the affected environment, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations to the extent the allegations are inconsistent with the administrative record.

58. The allegations in paragraph 58 consist of Plaintiffs' characterization of this action and the affected environment, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations to the extent the allegations are inconsistent with the administrative record.

    *ii.*    *Central Section – Casa Grande to Buckeye*

59. The allegations in paragraph 59 consist of Plaintiffs' characterization of this action and the affected environment, to which no response is required. To the extent a response

9

is required, Federal Defendants deny the allegations to the extent the allegations are inconsistent with the administrative record.

60.     The allegations in paragraph 60 consist of Plaintiffs' characterization of this action, the affected environment, and the Resource Management Plan ("RMP"), to which no response is required. To the extent a response is required, Federal Defendants deny the allegations to the extent the allegations are inconsistent with the administrative record and RMP.

61.     Federal Defendants admit that the Sonoran Desert National Monument was established by the President Bill Clinton Presidential Proclamation and that the Bureau of Land Management ("BLM") manages the property. The remaining allegations in paragraph 61 consist of Plaintiffs' characterization of this action and the affected environment, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations to the extent the allegations are inconsistent with the administrative record.

62.     Federal Defendants admit that BLM manages the Buckeye Hills East Trail Special Recreation Management Area and the Buckeye Hills West Extensive Recreation Management Area. The remaining allegations in paragraph 62 consist of Plaintiffs' characterization of this action and the affected environment, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations to the extent the allegations are inconsistent with the administrative record.

63.     Federal Defendants admit that the Robbins Butte Wildlife Area is in Maricopa County and that it is managed by Arizona Game and Fish Department. The remaining allegations in paragraph 63 consist of Plaintiffs' characterization of this action and the affected environment, to which no response is required. To the extent a response is required, Federal

Defendants deny the allegations to the extent the allegations are inconsistent with the administrative record.

64. The allegations in paragraph 64 consist of Plaintiffs' characterization of this action and the affected environment, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations to the extent the allegations are inconsistent with the administrative record.

65. The allegations in paragraph 65 consist of Plaintiffs' characterization of this action and the affected environment, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations to the extent the allegations are inconsistent with the administrative record.

### iii.     *North Section – Buckeye to Wickenburg, Arizona*

66. Federal Defendants admit that the Vulture Mine Recreation Management Zone is administered by BLM. The remaining allegations in paragraph 66 consist of Plaintiffs' characterization of this action and the affected environment, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations to the extent the allegations are inconsistent with the administrative record.

**B. Procedural Background**

67. Federal Defendants admit that the Arizona Department of Transportation ("ADOT") and the Nevada Department of Transportation ("NDOT") issued the I-11 and Intermountain West Corridor Study in 2014. The remaining allegations in paragraph 67 consist of Plaintiffs' characterization of this action and the study, which speaks for itself and provides the best evidence of its content.

68. Federal Defendants admit that the Notice of Intent was issued May 2016, that there was a 45-day scoping period, and that six public meetings were held. Federal Defendants deny the remaining allegations in paragraph 68.

69. Federal Defendants admit the allegations in the first sentence of paragraph 69. Federal Defendants lack knowledge or information sufficient to form belief as to the truth of the allegations in the second sentence of paragraph 69. The allegations in subsections (a)-(h) consist of Plaintiffs' characterization of comments received during the scoping period, which speak for themselves and provide the best evidence of their content.

70. Federal Defendants admit that ADOT and FHWA developed alternatives capable of meeting the "project's" purpose and need and prepared a draft EIS and Section 4(f) evaluation. Federal Defendants deny the remaining allegations in paragraph 70.

71. Federal Defendants admit the allegations in paragraph 71.

72. Federal Defendants admit the allegations in paragraph 72.

73. The allegations in paragraph 73 consist of Plaintiffs' characterization of the draft EIS, which speaks for itself and provides the best evidence of its content.

74. The allegations in paragraph 74 consist of Plaintiffs' characterization of the draft EIS, which speaks for itself and provides the best evidence of its content.

75. The allegations in paragraph 75 consist of Plaintiffs' characterization of the draft EIS, which speaks for itself and provides the best evidence of its content.

76. The allegations in paragraph 76 consist of Plaintiffs' characterization of the draft EIS, which speaks for itself and provides the best evidence of its content.

77. The allegations in paragraph 77 consist of Plaintiffs' characterization of the draft EIS, which speaks for itself and provides the best evidence of its content.

78. The allegations in paragraph 78 consist of Plaintiffs' characterization of the draft EIS, which speaks for itself and provides the best evidence of its content.

79. The allegations in paragraph 79 consist of Plaintiffs' characterization of the draft EIS, which speaks for itself and provides the best evidence of its content. Federal Defendants deny the allegations to the extent they are inconsistent with the draft EIS.

80. The allegations in paragraph 80 consist of Plaintiffs' characterization of the draft EIS, which speaks for itself and provides the best evidence of its content. Federal Defendants deny the allegations to the extent they are inconsistent with the draft EIS.

81. Federal Defendants admit that FHWA and ADOT received over 12,400 written and oral public comment submissions during the draft EIS comment period. The remaining allegations in paragraph 81 consist of Plaintiffs' characterization of the comments received, which speak for themselves and provide the best evidence of their content.

82. Federal Defendant's admit the Pima County submitted comments during the public comment period on the Draft EIS. The remainder of the allegations in paragraph 82 consist of Plaintiffs' characterization of comments received during the draft EIS comment period, which speak for themselves and provide the best evidence of their content.

83. Federal Defendants admit the allegations in the first sentence of paragraph 83. The remaining allegations consist of Plaintiffs' characterization of the City of Tucson's comments during the draft EIS comment period, which speak for themselves and provide the best evidence of their content.

84. Federal Defendants admit that FHWA received public and agency comments on the draft Section 4(f) evaluation. The remaining allegations consist of Plaintiffs' characterization

of the draft EIS and BLM's comments, which speak for themselves and provide the best evidence of their content.

85. The allegations in paragraph 85 consist of Plaintiffs' characterization of the draft Section 4(f) evaluation, which speaks for itself and provides the best evidence of its content.

86. The allegations in paragraph 86 consist of Plaintiffs' characterization of the draft Section 4(f) evaluation, which speaks for itself and provides the best evidence of its content.

87. The allegations in paragraph 87 consist of Plaintiffs' characterization of the draft Section 4(f) evaluation and the National Park Service's letters, which speak for themselves and provide the best evidence of their content.

88. The allegations in paragraph 88 consist of Plaintiffs' characterization of this action, legal conclusions, Pima County and Arizona Game and Fish Department comments, and the draft Section 4(f) evaluation, generally, to which no response is required.  To the extent a response is required, the draft Section 4(f) evaluation and comments received from Pima County and the Arizona Game and Fish Department speak for themselves and provide the best evidence of their content.

89. The allegations in paragraph 89 consist of Plaintiffs' characterization of comments received on the draft Section 4(f) evaluation, which speak for themselves and provide the best evidence of their content.

90. Federal Defendants admit the allegations in the first and second sentences of paragraph 90.  The remaining allegations consist of Plaintiffs' characterization of the final Tier 1 EIS and the draft EIS, which speak for themselves and provide the best evidence of their content.

91. The allegations in paragraph 91 consist of Plaintiffs' characterization of this action, legal conclusions, and the final EIS, to which no response is required.  To the extent a

response is required regarding the legal conclusions, Federal Defendants deny them, and aver that the final EIS speaks for itself and provides the best evidence of its content.

92. Federal Defendants admit that comments were received after the final EIS was published. The remaining allegations in paragraph 92 consist of Plaintiffs' characterization of this action, legal conclusions, and comments received, to which no response is required. To the extent a response is required, the final EIS and comments received speak for themselves and provide the best evidence of their content.

93. The allegations in paragraph 93 consist of Plaintiffs' characterization of comments received from the National Park Service, the Bureau of Reclamation, and the AZGFD, to which no response is required. To the extent a response is required, the comments speak for themselves and provide the best evidence of their content.

94. Federal Defendants admit that Pima County submitted comments on the final EIS. The remaining allegations in paragraph 94 consist of Plaintiffs' characterization of Pima County's comments and the NEPA process, to which no response is required. To the extent a response is required, the comments and NEPA speak for themselves and provide the best evidence of their content.

95. Federal Defendants lack knowledge or information sufficient to form belief as to the truth of the allegations in paragraph 95.

96. Federal Defendants admit that the City of Tucson submitted comments on the final EIS. The remaining allegations in paragraph 96 consist of Plaintiffs' characterization of the City of Tucson's comments, to which no response is required. To the extent a response is required, the comments speak for themselves and provide the best evidence of their content.

97. Federal Defendants admit that the Town of Sahuarita Council submitted comments on the final EIS. The remaining allegations in paragraph 97 consist of Plaintiffs' characterization of the Town of Sahuarita Council's comments, to which no response is required. To the extent a response is required, the comments speak for themselves and provide the best evidence of their content.

98. The allegations in paragraph 98 consist of Plaintiffs' characterization of this action and the preliminary Section 4(f) evaluation, to which no response is required. To the extent a response is required, Federal Defendants deny to the extent the characterization is inconsistent with the preliminary Section 4(f) evaluation.

99. Federal Defendants admit that an extension of the "30-day review period" for the final EIS and preliminary Section 4(f) evaluation, but not the draft EIS, was requested and denied. The remaining allegations in paragraph 99 consist of Plaintiffs' characterization of this action and the draft EIS and preliminary Section 4(f) evaluation, to which no response is required. To the extent a response is required, Federal Defendants deny the characterizations to the extent they are inconsistent with the draft EIS and preliminary Section 4(f) evaluation.

100. Federal Defendants admit the allegations in paragraph 100.

101. Federal Defendants admit that the ROD identified the Preferred Alternative as environmentally preferable. Federal Defendants deny the remaining allegations in paragraph 101.

**CLAIMS FOR RELIEF**

**FIRST CLAIM**

**FHWA'S VIOLATION OF NEPA AND APA**

102. No response is required.

16

103. Federal Defendants deny the allegations in paragraph 103.

    a. Federal Defendants deny the allegations in paragraph 103(a).

    b. Federal Defendants deny the allegations in paragraph 103(b).

    c. Federal Defendants deny the allegations in paragraph 103(c).

    d. Federal Defendants deny the allegations in paragraph 103(d).

    e. Federal Defendants deny the allegations in paragraph 103(e).

        i. Federal Defendants deny the allegations in paragraph 103(e)(i).

        ii. Federal Defendants deny the allegations in paragraph 103(e)(ii).

        iii. Federal Defendants deny the allegations in paragraph 103(e)(iii).

        iv. Federal Defendants deny the allegations in paragraph 103(e)(iv).

        v. Federal Defendants deny the allegations in paragraph 103(e)(v).

        vi. Federal Defendants deny the allegations in paragraph 103(e)(vi).

    f. Federal Defendants deny the allegations in paragraph 103(f).

    g. Federal Defendants deny the allegations in paragraph 103(g).

104. Federal Defendants deny the allegations in paragraph 104.

## SECOND CLAIM

## FHWA'S VIOLATION OF SECTION 4(F) AND APA

105. No response is required.

106. The allegations in paragraph 106 consist of Plaintiffs' characterization of Section 4(f), to which no response is required. To the extent a response is required, Federal Defendants deny the characterization to the extent it is inconsistent with Section 4(f).

107. Federal Defendants deny the allegations in paragraph 107.

108. The allegations in paragraph 108 consist of Plaintiffs' characterization of this action, Section 4(f), and the preliminary Section 4(f) evaluation, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations to the extent the allegations are inconsistent with Section 4(f) and the preliminary Section 4(f) evaluation.

109. The allegations in paragraph 109 consist of Plaintiffs' characterization of this action, Section 4(f), and the preliminary Section 4(f) evaluation, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations to the extent the allegations are inconsistent with Section 4(f) and the preliminary Section 4(f) evaluation.

110. Federal Defendants deny the allegations in paragraph 110.

111. Federal Defendants deny the allegations in paragraph 111.

112. Federal Defendants deny the allegations in paragraph 112.

### THIRD CLAIM

### FHWA'S VIOLATION OF FISH AND WILDLIFE COORDINATION ACT

113. No response is required.

114. Federal Defendants deny the allegations in paragraph 114.

115. Federal Defendants deny the allegations in paragraph 115.

116. Federal Defendants deny the allegations in paragraph 116.

The remainder of the Complaint provides Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to their requested relief or to any relief whatsoever.

### GENERAL DENIAL

All of the allegations in Plaintiffs' Complaint which have not been specifically admitted, denied, or otherwise answered are hereby denied.

**AFFIRMATIVE DEFENSES**

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

Plaintiffs' Complaint is barred by the doctrine of ripeness.

Plaintiffs lack standing to assert the claims in the Complaint.

**PRAYER**

WHEREFORE, Federal Defendants deny that Plaintiffs are entitled to the relief they pray for, or any relief whatsoever, and request that this action be dismissed with prejudice, that judgment be entered for Federal Defendants, and that Federal Defendants be allowed such other further relief as the Court may allow.

Dated: June 13, 2023

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

*Christopher M. Chellis*
CHRISTOPHER M. CHELLIS
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0245
Fax: (202) 305-0506
christopher.chellis@usdoj.gov

Counsel for Federal Defendants